UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| LINDA KAHL, on behalf of herself and all others similarly situated, 1101 Towers Ct., NW Grand Rapids, MI 49544<br><br>    Plaintiff,<br><br>v.<br><br>RUSS' HOLDING CORPORATION c/o Bryan R. Bouws 390 E. 8th St. Holland, MI 49423<br><br>    Defendant. | Case No.<br><br>Judge<br><br>**COMPLAINT**<br><br>(Jury Demand Endorsed Herein) |

## SUMMARY

1. This case implicates Defendant Russ' Holding Corporation dba Russ' Restaurants ("Defendants") violations of the Fair Labor Standards Act's ("FLSA") tip-credit and subsequent underpayment of their employees at the federally and mandated minimum wage rate. Plaintiff brings this case as a collective action under the FLSA, 29 U.S.C. 216(b).

2. Defendants pay their tipped employees, including servers, below the minimum wage rate by taking advantage of the tip credit provisions of the FLSA. Under the tip-credit provisions, an employer of tipped employees may, under certain circumstances, pay those employees less than the minimum wage rate by taking a "tip credit" against the employer's minimum wage obligations from the tips received from customers.

3. However, there are strict requirements for an employer to utilize the "tip credit." *See* 29 U.S.C. 203(m). An employer must advise an employee in advance of its use of the tip credit pursuant to the provisions of section 3(m) of the FLSA. *See id*. stating (the tip credit provision

"shall not apply with respect to any tipped employee unless such employee has been informed by the employer of the provisions of this subsection."). That is, the employer must inform the employee: (1) the amount of the cash wage that is to be paid to the tipped employee; (2) the amount by which the wages of the tipped employee are increased on account of the tip credit; (3) that all tips received by the employee must be retained by the employee except for tips contributed to a valid tip pool; and (4) that the tip credit shall not apply to any employee who does not receive the notice.

4. Further, it is illegal for employers to require tipped employees to give up a portion of their tips to its employer or to ineligible employees, such as management staff. *See Myers v. Copper Cellar Corp.*, 192 F.3d 546, 551 (6th Cir. 1999)(for "the work shifts in which salad mixers were included within the tip pool, the pooling scheme was illegal..."); *Portales v. MBA Inv. Co., LLC,* No. 3:13CV00001, 2014 WL 5795206, at *3 (N.D. Ohio Oct. 16, 2014)("When an employer includes a non-customarily tipped employee or another employer in a mandatory tip pool, the pool is invalid under FLSA." (citing 29 U.S.C. § 203)); *Bernal v. Vankar Enter., Inc.*, 579 F. Supp. 2d 804, 810 (W.D. Tex. 2008) (employer not permitted to take the FLSA tip credit when it required waiters to pay for shortages and unpaid tabs).

5. Additionally, an employer must pay the minimum statutory hourly rate ($2.13 per hour under the FLSA). *See* 29 U.S.C. § 203(m). Michigan law establishes a minimum wage within the State of Michigan and recognizes that, under certain circumstances, employers may impose a maximum tip credit on the wages of their tipped employees of up to three dollars and ninety-three cents ($3.93). The FLSA, in turn, requires that employers comply with any State law that establishes a higher minimum wage than that established by the FLSA. *See* 29 U.S.C. § 218(a). Therefore, federal law requires that all Michigan employers comply with the minimum

wage standards set forth by Michigan law and limits the maximum allowable tip credit to three dollars and ninety-three cents ($3.93). *See Hanke v. Vinot Pinot Dining, LLC*, No. Civ. A. 2:15-cv-1873-SMM, Dkt. 51, at 4:6-11 (D. Ariz. Mar. 21, 2018) ("both the FLSA and AWA allow Arizona employers to take a maximum tip credit of $3.00 against their minimum wage obligations to 'tipped employees.'"); *see also Montijo v. Romulus, Inc.*, 2015 WL 1470128, at *5 n. 4 (D. Ariz. Mr. 30, 2015) (same).

6.      Moreover, an employer cannot pay below the minimum wage to tipped employees and require those tipped employees to perform non-tipped work that is unrelated to the tipped occupation. *See Driver v. Apple Illinois, LLC*, 739 F.3d 1073, 1075 (7th Cir. 2014) (explaining that when tipped employees perform "non-tipped duties" that "are unrelated to their tipped duties…such as, in the case of restaurant servers, washing dishes, preparing food, mopping the floor, or cleaning bathrooms, they are entitled to the full minimum wage for the time they spend at that work."); *Romero v. Top-Tier Colorado LLC*, 849 F.3d 1281, 1285 (10th Cir. 2017); *Osman v. Grube, Inc.,* No. 16-CV-802, 2017 WL 2908864, at *4 (N.D. Ohio July 7, 2017)(employer may not take a tip credit for the time that a tipped employee spends on work that is not related to the tipped occupation); *Roussell v. Brinker Intern., Inc.,* No. 05 Civ. 3733, 2008 WL 2714079, at *12 (S.D. Tex. July 9, 2008) ("An employer may take a tip credit for an employee that works 'dual jobs,' but only for the time the employee spends working in his "tipped employee" capacity.") (quoting 29 C.F.R. 531.56(e)).

7.      Finally, an employer cannot require its tipped employees to perform non-tipped work that is related to the employees' tipped occupation but exceeds 20 percent of the employees' time worked during a workweek. *See Marsh v. J. Alexander's, LLC,* 905 F.3d 610, 626-28 (9th Cir. 2018) (adopting 20% standard for dual jobs regulation and finding the DOL's opinion on dual jobs

for tipped workers to be entitled to deference); *Fast v. Applebee's Intern., Inc.,* 638 F.3d 872, 881 (8th Cir. 2011) (granting the DOL's 20% standard deference); *Driver v. Apple Illinois, LLC*, No. 06 Civ. 6149, 2012 WL 3716482, at *2 (N.D. Ill. Aug. 27, 2012) ("An employer may take a tip credit only for hours worked by [an] employee in an occupation in which [he] qualifies as a tipped employee."); *Driver v. AppleIllinois, LLC*, 739 F.3d 1073, 1075 (7th Cir. 2014) (the court indirectly cast its imprimatur on the DOL's aforementioned dual-jobs regulation and Field Operations Handbook, citing both the "related to" standard in 29 C.F.R. § 531.56(e) and the 20% standard in § 30d00(e)); *Flood v. Carlson Restaurants, Inc.*, No. 13 Civ. 6458 (AT), 2015 WL 1396257 (S.D.N.Y. Mar. 27, 2015) (denying Defendant's motion to dismiss explaining that the 20% standard is a reasonable interpretation of the FLSA and ultimately granting 216(b) notice); *Ide v. Neighborhood Restaurant Partners, LLC*, No. 13 Civ. 509 (MHC), 2015 WL 11899143, at *6 (N.D. Ga., 2015) (". . . a reasonable interpretation of § 531.56(e) is that [Plaintiff] would be entitled to minimum wage if she spends more than twenty percent of her time performing related but non-tipped duties."); *Crate v. Q's Restaurant Group LLC*, 2014 WL 10556347, at *4 (M.D. Fla., 2014) ("[T]he Court concludes that the 20% rule clarifies the ambiguity contained in 29 C.F.R. § 531.56(e) by delineating how much time a tipped employee can engage in related, non-tip-producing activity before such time must be compensated directly by the employer at the full minimum wage rate.").

8. Defendants violated the FLSA and Colorado law in the following respects:

   a. **Violation for failure to inform:** Defendants failed to correctly inform Plaintiff of the desire to rely on the tip credit to meet their minimum wage obligations. In fact, Defendants failed to inform Plaintiff of the following: (1) the amount of the cash wage that is to be paid to the tipped employee; (2) the amount by which the wages of the tipped employee are increased on account of the tip credit; (3) that all tips received by the employee must be retained by the employee except for tips contributed to a valid tip pool; and

      (4) that the tip credit shall not apply to any employee who does not receive the notice.

    b.    **Violation for performing work unrelated to tipped occupation:** Plaintiff was required to perform improper types, and excessive amounts, of non-tipped work, including, but not limited to, cleaning ledges; cleaning the kitchen; cleaning walls and items hanging on the walls; cleaning window blinds, windows and window sills; cleaning the bathrooms; and/or washing trays, appliances, silverware, dishes and/or glasses.

    c.    **Violation for performing non-tipped side work in excess of 20% of the time spent working in the week**: Plaintiff was required to spend greater than 20% of her time performing non-tip producing side work, including, but not limited to, cleaning and stocking the serving line; cleaning booths, chairs, high chairs and booster seats; cleaning menus; cleaning soft drink dispensers and nozzles; cleaning tables; filling and cleaning ketchup and syrup bottles; filling and cleaning salt and pepper shakers; replacing soft drink syrups; rolling silverware; setting tables; stocking ice; sweeping, cleaning and mopping floors; taking dishes and glasses from the tables to the kitchen; and/or taking out trash.

9.    As a result of these violations, Defendants lost the ability to use the tip credit and therefore must compensate Plaintiff and all similarly situated workers at the full minimum wage rate, unencumbered by the tip credit, and for all hours worked. In other words, Defendants must account for the difference between the wages paid to Plaintiff and all similarly situated workers and the minimum wage rate.

## SUBJECT MATTER JURISDICTION AND VENUE

10.    This court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 216(b), *et. seq*.

11.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this district, including many of the wrongs herein alleged.

## PARTIES AND PERSONAL JURISDICTION

12. Plaintiff Linda Kahl is an individual residing in Grand Rapids, MI.

13. The FLSA Class Members are all current and former tipped employees who worked at an Russ' Restaurant for at least one week during the three-year period prior to the filing of this action to the present.

14. The FLSA Class Members shall be collectively referred to as the "Class Members."

15. Defendant Russ' Holding Corporation is a domestic corporation that conducts business in the Michigan under the name Russ' Restaurants.

## COVERAGE

16. At all material times, Defendants are and were employers within the meaning of the FLSA. 29 U.S.C. § 203(d).

17. At all material times, Defendants were and are enterprises within the meaning of 29 U.S.C. § 203(r).

18. At all material times, Defendants were and are enterprises in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

19. At all material times, Defendants have enjoyed yearly gross revenue in excess of $500,000.

20. At all material times, Plaintiff and the Class Members were employees engaged in the commerce or the production of goods for commerce.

## FACTS

21. Defendants operate at least twelve (12) restaurants under the trade name "Russ' Restaurants" in Michigan.

22. The Russ' Restaurants are full-service restaurants that employ servers to provide services to customers.

23. A server orders from customers and delivers food and drinks to the customers.

24. Defendants pay their servers less than the minimum wage under state and federal law.

25. Defendants attempted to utilize the tip credit to meet their minimum wage obligation to their servers, including the Plaintiff and Class Members.

26. Plaintiff worked for Defendants at Russ' Restaurant located in Holland, Michigan. She worked as a server and was paid less than the minimum wage. She worked for Defendants from approximately July 2024 through September 21, 2024.

27. The tip credit has a harmful effect on workers that threatens the health of the economy. Adasina Social Capital, a company representing investors with more than $538 billion in assets, has issued a letter large corporations operating restaurants advising of the ills of using the tip credit. (*See* https://adasina.com/investor-statement-in-support-of-ending-the-subminimum-wage/, last visited January 11, 2021). The letter states as follows:

> Tipped workers are the largest group paid a subminimum wage and represent approximately six million people in the United States. The restaurant industry by far employs the largest number of tipped workers, representing 13.6 million people.
>
> **Frozen at $2.13 per hour, a tipped subminimum wage worker can be paid as little as $4,430 per year for full-time work.** As a result, in the 42 states that allow payment of a subminimum wage, tipped workers are more than twice as likely to live in poverty, and the rates are even higher for women and people of color. The subminimum wage for tipped workers has risen little since it was enacted following the emancipation of slavery, a time when employer trade associations pushed to recoup the costs of free, exploited labor.

(*Id*.) (emphasis in original)

28. Given the harmful effects of the tip credit, there are strict requirements that must be met by an employer how seeks to utilize the trip credit to meet their minimum wage obligations.

29. In this case, Defendants did not satisfy the strict requirements to use the tip credit. Defendants maintained a policy and practice whereby it failed to provide the Plaintiff and the Class Members with the statutorily required notice regarding (1) the amount of the cash wage that is to be paid to the tipped employee, (2) the amount by which the wages of the tipped employee are increased on account of the tip credit, (3) that all tips received by the employee must be retained by the employee except for tips contributed to a valid tip pool, and (4) that the tip credit shall not apply to any employee who does not receive the notice.

30. Defendants also maintained a policy and practice whereby tipped employees were required to perform non-tip producing side work unrelated to the employees' tipped occupation. As a result, Plaintiff and the Class Members were engaged in dual occupations while being compensated at the tip credit rate. While performing these non-tip generating duties, they did not interact with customers and could not earn tips.

31. These duties include but are not limited to the following: preparing food, cleaning trays, appliances, silverware, dishes and/or glasses, amongst other activities, that were not related to their tipped duties.

32. Defendants also maintained a policy and practice whereby tipped employees were required to spend a substantial amount of time, in excess of 20 percent, performing non-tip producing side work related to the employees' tipped occupation.

33. Specifically, Defendants maintain a policy and practice whereby tipped employees were required to spend a substantial amount of time performing non-tip producing side work,

including, but not limited to: preparing food, cleaning trays, appliances, silverware, dishes and/or glasses, amongst other activities,.

34. Further, Defendants required Plaintiff and the Class Members to perform non-tipped producing work prior to the opening of the restaurant and after the restaurant closed. Indeed, Defendants required Plaintiff and the Class Members to arrive prior to the restaurants opening for business when there were no customers and no opportunity to earn tips, to perform manual labor cleaning and setup duties. Likewise, Defendants required Plaintiff and the Class Members to remain after their serving shift ended and there was no opportunity to earn tips, to perform manual labor cleaning duties. At times, they spent 30 minutes to one hour performing work before the restaurant was open and after their shifts ended performing non-tipped producing work.

35. When the tipped employees performed these non-tipped duties, they usually did not interact with customers and did not have an opportunity to earn tips.

36. Indeed, Defendants did not have a policy prohibiting tipped employees from performing certain types, or excessive amounts, of non-tipped work.

37. Upon information and belief, Defendants did not track or record the amount of time their tipped employees spent performing non-tipped work, even though Defendants were capable of doing so. Defendants' timekeeping system was capable of tracking multiple job codes for different work assignments, but Defendants failed to track to the specific tasks for Plaintiff.

38. Defendants use a point-of-sale system to record hours worked by their tipped employees. Defendants then analyzes the information collected by this system, including the labor costs at each of the restaurants. Defendants' timekeeping system was capable of tracking multiple job codes for different work assignments, but Defendants failed to track to the specific tasks for Plaintiff and the Class Members.

39. In the point-of-sale system, Defendants can create different "clock in" codes that would allow tipped employees to record their time at the full minimum wage when performing non-tipped work.

40. However, Defendants did not allow their servers to clock-in at the full minimum wage rate when performing non-tipped work described in this Complaint.

41. Because Defendants violated the requirements to claim the tip credit, Defendants lost the right to take a credit toward their minimum wage obligation to Plaintiff and the Class Members.

42. As such, Plaintiff and the Class Members were not compensated at the federally mandated minimum wage.

43. Defendants knew or should have known that their policies and practices violate the law, and Defendants have not made a good faith effort to comply with the FLSA. Rather, Defendants knowingly, willfully, and/or with reckless disregard of the law carried and continue to carry out the illegal pattern and practice regarding their tipped employees. Defendants' method of paying Plaintiff was not based on a good faith and reasonable belief that their conduct complied with the law.

## COLLECTIVE ACTION ALLEGATIONS

44. Plaintiff brings this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all current and former tipped employees who worked at a Russ' Restaurant for at least one week during the three-year period prior to the filing of this action to the present.

45. Plaintiff has actual knowledge, through conversations with co-workers, that a class of similarly situated workers exists who have been subjected to the same policies of Defendants with respect to the payment of the minimum wage.

46. The Class Members are similarly situated to Plaintiff in that they share the same duties and were subject to the same violations of the FLSA.

47. Like Plaintiff, the Class Members were not given proper notice of the tip credit provisions, were required to perform substantial work that was unrelated to their tip producing duties.

48. Like Plaintiff, the Class Members performed similar duties and were paid under the same pay system.

49. Plaintiff and the Class Members all labored under the same corporate structure, the same corporate policies, the same corporate chain of command, and pursuant to the rules in the same company handbook.

50. The names and address of the Class Members of the collective action are available from Defendants' records. To the extent required by law, notice will be provided to these individuals by first class mail, email, text message, or by the use of techniques and a form of notice similar to those customarily used in representative actions.

51. Although the exact amount of damages may vary among the Class Members in proportion to the number of hours they worked, damages for each individual can be easily calculated using a simple formula.

52. As such, the class of similarly situated Class Members is properly defined as follows:

> **All current and former tipped employees who worked at a Russ' Restaurant for at least one week during the three-year period prior to the filing of this action to the present.**

## CAUSES OF ACTION

## COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS
### FAILURE TO PAY THE MINIMUM WAGE

53. Plaintiff incorporates the preceding paragraphs by reference.

54. This count arises from Defendants' violation of the FLSA in connection with their failure to pay the minimum wages. See 29 U.S.C. § 206.

55. Plaintiff and the Class Members were paid hourly rates less than the minimum wage while working for Defendant.

56. Plaintiff and the Class Members were not exempt from the minimum wage requirements of the FLSA.

57. Defendants' failure to comply with the minimum wage requirements of the FLSA, and, in particular, the tip credit requirements, resulted in Plaintiff and the Class Members being paid less than the federal minimum wage rate. Defendants' violation of the FLSA were willful.

58. Defendants' practice of failing to inform their employees of their intent to rely on the tip credit to meets their minimum wage obligations violates the FLSA.

59. Defendants' failure to pay the minimum wage to Plaintiff and the Class Members, in violation of the FLSA was willful and not based on a good faith belief that their conduct did not violate the FLSA. To foregoing conduct, as alleged, constitutes a willful violation within the meaning of the FLSA. 29 U.S.C. § 255(a).

### **WAGE DAMAGES SOUGHT**

60. Plaintiff and the Class Members are entitled to receive the difference between the minimum wage and the tip credit adjusted minimum wage for each hour they worked.

61. Plaintiff and the Class Members are entitled to reimbursement for all work-related expenses they paid.

62. Plaintiff and the Class Members are entitled to liquidated damages.

63. Plaintiff and the Class Members are also entitled to recover their attorney's fees and costs.

## JURY DEMAND

64. Pursuant to their rights under the Constitution of the United States, U.S. CONST. amend VII, and FED R. CIV. P. 38(a), Plaintiff hereby demands trial by jury.

## PRAYER FOR RELIEF

65. For these reasons, Plaintiff respectfully requests that judgment be entered in her favor awarding her and the Class Members:

   a. Minimum wage compensation unadulterated by the tip credit;

   b. Liquidated damages;

   c. All misappropriated funds including all tips, expenses, and wages wrongfully withheld;

   d. An order requiring Defendants to correct their pay practices going forward;

   e. Reasonable attorney's fees, costs, and expenses of this action;

   f. Pre and post judgment interest; and

   g. Such other and further relief to which Plaintiff and the Class Members may be entitled, both in law and in equity.

Dated November 21, 2024.

                                                Respectfully submitted,

                                                /s/ *Robert B. Kapitan*

>Robert B. Kapitan (Ohio 0074327)
>Anthony J. Lazzaro (Ohio 0077962)
>The Lazzaro Law Firm, LLC
>The Heritage Building, Suite 250
>34555 Chagrin Boulevard
>Moreland Hills, Ohio 44022
>Phone: 216-696-5000
>Facsimile: 216-696-7005
>robert@lazzarolawfirm.com
>matthew@lazzarolawfirm.com
>anthony@lazzarolawfirm.com
>
>Attorneys for Plaintiff

## JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.

>/s/ *Robert B. Kapitan*
>Robert B. Kapitan (Ohio 0074327)
>
>One of Plaintiff's Attorneys